**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVEN STEGMANN, individually and on behalf of all others similarly situated, | ) ) ) Case No. |
| Plaintiff, | ) ) |
| v. | ) ) |
| PETSMART LLC, | ) ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant PetSmart LLC ("PetSmart") hereby provides notice of removal of this action from the Circuit Court of the 13th Judicial Circuit, LaSalle County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

**I.     STATE COURT ACTION**

On January 20, 2022, Plaintiff Steven Stegmann ("Plaintiff") filed a putative class action complaint against PetSmart in the Circuit Court of the 13th Judicial Circuit, LaSalle County, Illinois, captioned *Steven Stegmann v. PetSmart LLC,* No. 2022-LA-000009 (the "State Court Action"). (The Complaint is attached hereto as part of Exhibit 1.) The Complaint and summons were served upon PetSmart on February 2, 2022. (The Summons and Service Confirmation are attached hereto as part of Ex. 1.) Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed in the State Court Action are attached hereto as Ex. 1. No substantive matters have been addressed in the State Court Action, nor have any motions been heard.

Plaintiff alleges that PetSmart violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), by allegedly collecting the "voice template" or "voiceprint" of

Plaintiff and the members of the putative class when they used Vocollect technology while working at one of PetSmart's distribution centers in Illinois, without providing written notice and obtaining a written release, in alleged violation of Section 15(b) of BIPA. (*See* Ex. 1, Compl. ¶¶ 21, 40, 46, 47, 53, 58, 60, 63-65.) Plaintiff further alleges that PetSmart failed to make publicly available a written policy establishing a retention schedule and guidelines for permanently destroying biometric data, and failed to actually adhere to that retention schedule and actually delete such data, in alleged violation of Section 15(a) of BIPA. (*See id.* ¶¶ 41, 46, 59-60, 66.) Based on those allegations, Plaintiff alleges that PetSmart committed at least three violations of BIPA with respect to Plaintiff and each of the members of the putative class. (*See id.* ¶¶ 63-67.)

Plaintiff's proposed class includes "[a]ll persons, within the applicable statute of limitations, who had their voiceprint collected, captured, received, otherwise obtained, or disclosed by Defendant in Illinois, without their consent, and/or who failed to have their voiceprint timely deleted." (*Id.* ¶ 50.) In his prayer for relief, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief; (3) statutory damages; and (4) attorneys' fees and costs. (*See id.* ¶ 68.)

## II. GROUNDS FOR REMOVAL

### A. This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.

Section 1441(a) of the United States Code provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

Pursuant to Section 1332(d), removal of this action is proper because the district courts of the United States have original jurisdiction over any class action: (i) involving a plaintiff class of

100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant ("minimal diversity"); and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2) and (5); *see also Dart Cherokee Basin Op. Co. v. Owens,* 574 U.S. 547, 89 (2014) (noting that legislative history states that CAFA's "provisions should be read broadly.").[1]

As demonstrated below, all three conditions are met in this action, and therefore the action is removable under 28 U.S.C. § 1332(d).

### 1. The putative class consists of 100 or more persons.

CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). In the Complaint, Plaintiff seeks class certification pursuant to Illinois state law (*see* Ex. 1, Compl. ¶¶ 50–56; *id.*, Prayer for Relief), which permits "[a]n action [to] be maintained as a class action . . . if (1) [t]he class is so numerous that joinder of all members is impracticable[,] (2) [t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members[,] (3) [t]he representative parties will fairly and adequately protect the interest of the class[, and] (4) [t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801. These requirements are patterned after those of Federal Rule of Civil Procedure 23. *See Smith v. Illinois Cent. R.R. Co.*, 223 Ill.2d 441, 450 (Ill. 2006). 735 ILCS 5/2-801 therefore is a "similar State statute" under CAFA.

---

[1] By demonstrating that this matter is removable under 28 U.S.C. § 1332(d), PetSmart does not waive, and expressly reserves, its arguments that there is no basis to certify a class in this matter.

Plaintiff's proposed class includes "[a]ll persons, within the applicable statute of limitations, who had their voiceprint collected, captured, received, otherwise obtained, or disclosed by Defendant in Illinois, without their consent, and/or who failed to have their voiceprint timely deleted." (Ex. 1, Compl. ¶ 50.) Plaintiff alleges that "Defendant has collected, captured, received, or otherwise obtained biometric identifiers from over 100 workers who fall into the definition of the class." (*Id.* ¶ 52.)

### 2. The parties are minimally diverse.

The parties in this action are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges that he was a citizen of Illinois during the relevant period. (Ex. 1, Compl. ¶ 23.) PetSmart LLC is a Delaware limited liability company with its headquarters in Arizona. (*See* Ex. 2, Veeh Decl. ¶ 2.) The sole member of PetSmart LLC is Argos Holdings LLC, a Delaware limited liability company with its principal place of business in Phoenix, Arizona. (*See id.*) The sole member of Argos Holdings LLC is Argos Intermediate Holdco III LLC, a Delaware limited liability company with its principal place of business in Phoenix, Arizona. (*See id.*) The sole member of Argos Intermediate Holdco III LLC is Argos Intermediate Holdco II LLC, a Delaware limited liability company with its principal place of business in Phoenix, Arizona. (*See id.*) The sole member of Argos Intermediate Holdco II LLC is Argos Intermediate Holdco I Inc., a Delaware corporation with its principal place of business in Phoenix, Arizona. (*See id.*) As a result, Plaintiff is a citizen of different state than PetSmart, and the parties are minimally diverse under CAFA.

### 3. The amount in controversy exceeds $5,000,000.

CAFA jurisdiction requires the matter in controversy to exceed, in the aggregate, $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). BIPA provides that a plaintiff

4

may recover statutory liquidated damages of up to $1,000 for each negligent violation and $5,000 for each intentional or reckless violation. *See* 740 ILCS 14/20. Plaintiff alleges that PetSmart committed at least three BIPA violations with respect to Plaintiff and each other member of the putative class. (Ex. 1, Compl. ¶¶ 63-67.) Plaintiff seeks statutory damages of $1,000 per violation for each negligent violation or $5,000 per violation for each intentional or reckless violation. (*Id.* ¶ 68(C).) Plaintiff also alleges that PetSmart, "knowing full well what the law is respecting the collection, possession and use of biometric identifiers, and voiceprints in Illinois, disregards its workers' statutorily and common law protected privacy rights and unlawfully collects, captures, possesses, stores, and uses their biometric identifiers in violation of the BIPA." (*Id.* ¶ 21; *see also id.* ¶ 33 ("Unfortunately, Defendant, despite knowing about BIPA and its requirements, specifically continues to collect, store, and use its workers' biometric identifiers in violation of the BIPA.") During the five year period preceding the filing of the State Court Action, more than 700 people used the Vocollect technology while employed by PetSmart in Illinois. (Ex. 2, Veeh Decl. ¶ 3.) Multiplying $5,000 by 3 and then by 700 equals $10,500,000. As such, the amount in controversy in this case exceeds the threshold requirement, giving the district courts of the United States jurisdiction over this matter. *See* 28 U.S.C. § 1332(d)(2); *see also, e.g., Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

      **B.**    **CAFA exceptions do not bar removal.**

Sections 1332(d)(4), (d)(9), and 1453(d) of the United States Code list exclusions to removal jurisdiction. This action does not fall within those exclusions. Section 1332(d)(4) bars district courts from exercising jurisdiction over a class action when, among other things: "greater

than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Section 1332(d)(4)(B) similarly excludes from district court jurisdiction cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This action does not fall within the exclusions to removal jurisdiction described in these sections because, as demonstrated above, PetSmart, the only defendant in this action, is a citizen of Delaware and Arizona, and is not a citizen of Illinois. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").

The exceptions to CAFA removal jurisdiction in Sections 1332(d)(9) and 1453(d) apply to matters that arise under the Securities Act of 1933 or the Securities Exchange Act of 1934. 28 U.S.C. § 1332(d)(9); 28 U.S.C. § 1453(d). This action was not brought pursuant to either of those Acts, and therefore those exceptions do not apply.

    **C.    Venue is proper.**

The Northern District of Illinois, Eastern Division, is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of the 13th Judicial Circuit, LaSalle County, where Plaintiff originally filed this action. *See* 28 U.S.C. § 1441(a).

    **D.    PetSmart has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed. PetSmart was served with a copy of the Complaint and Summons on February 2, 2022, and PetSmart filed and served this Notice of Removal within

6

30 days of service of the Complaint, in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a). As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon PetSmart are being filed herewith as Ex. 1. Pursuant to 28 U.S.C. § 1446(d), PetSmart will promptly serve on Plaintiff and file with the Circuit Court of the 13th Judicial Circuit, LaSalle County, Illinois, a "Notice of Filing of Notice of Removal." PetSmart will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

### III. RESERVATION OF RIGHTS AND DEFENSES

PetSmart hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of PetSmart's defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.")

WHEREFORE, PetSmart hereby removes this action to this Court on the basis of the Court's original jurisdiction over the action under CAFA.

Dated: March 4, 2022

Respectfully submitted,

PETSMART LLC

By: /s/ *David C. Layden*
    *One of its attorneys*

David C. Layden
Elena M. Olivieri
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Tel: (312) 222-9350
DLayden@jenner.com
EOlivieri@jenner.com

Adam G. Unikowsky (*pro hac vice pending*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Tel: (202) 639-6000
AUnikowsky@jenner.com

## **CERTIFICATE OF SERVICE**

I, David C. Layden, hereby certify that a true and correct copy of the foregoing Notice of Removal was served on the following counsel of record by electronic mail delivery on the 4th day of March, 2022:

David Fish
Mara Baltabols
FISH POTTER BOLAÑOS, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
dfish@fishlawfirm.com
mara@fishlawfirm.com

*Attorneys for Plaintiff*

/s/ *David C. Layden*