UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN STEGMANN, | ) | |
| | ) | |
| Plaintiff, | ) | 22 C 1179 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| PETSMART LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons set forth below, Defendant's motion to stay [20] is granted and Defendant's motion to dismiss [18] is denied without prejudice to renewal when the stay is lifted. This case is stayed pending the Supreme Court of Illinois's decision in *Cothron v. White Castle System, Inc.*, No. 128004 (Ill.), though Plaintiff may serve document requests on Defendant and a document subpoena on Non-Party Honeywell International, Inc., and Defendant and Honeywell must preserve all responsive documents. The status hearing set for 7/26/2022 [30] is stricken and re-set for 10/4/2022 at 9:00 a.m. By 9/27/2022, or within one week of the Supreme Court of Illinois's decision in *Cothron*, whichever comes first, the parties shall file a joint status report addressing the *Cothron* appeal. Attorneys/Parties should appear for the 10/4/2022 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

## STATEMENT

Steven Stegmann brought this putative class action in state court against PetSmart LLC, alleging violations of Sections 15(a) and 15(b) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. Doc. 1-1 at 11-33. PetSmart removed the suit to federal court. Doc. 1. PetSmart moves to stay the case pending the Supreme Court of Illinois's decision in *Cothron v. White Castle System, Inc.*, No. 128004 (Ill.).

Under current law, claims brought under Sections 15(a) and 15(b) are subject to a five-year statute of limitations. *See Tims v. Black Horse Carriers, Inc.*, 184 N.E.3d 466, 473 (Ill. App. 2021), *appeal allowed*, 184 N.E.3d 1029 (Ill. 2022). In *Cothron*, the Supreme Court of Illinois will decide whether "[S]ection 15(b) … claims accrue each time a private entity scans a person's biometric identifier and each time a private entity transmits such a scan to a third party,

1

respectively, or only upon the first scan and first transmission … ." *Cothron v. White Castle System, Inc.*, 20 F.4th 1156, 1167 (7th Cir. 2021) (certifying the question). The answer to that question could result in Stegmann's Section 15(b) claim being time-barred. It appears that Stegmann worked for PetSmart from December 8, 2014, until August 13, 2017. Doc. 21 at 2. Stegmann filed this suit on January 20, 2022. Doc. 1-1 at 29. Accordingly, if a Section 15(b) claim accrues only upon the first scan and first transmission, and even if the Supreme Court of Illinois confirms in *Tims* that the statute of limitations for Section 15(b) claims is five years, Stegmann's Section 15(b) claim would time-barred, which means that *Cothron* could be outcome determinative for that claim. Given this possibility, a stay is warranted. *See In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012) ("Courts generally consider three factors when determining whether to grant a stay: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party.").

Pressing the contrary result, Stegmann argues that he will be prejudiced by a stay "because relevant information may be lost with the extended delay." Doc. 23 at 2. The court's order allowing him to serve document requests on PetSmart and a document subpoena on Honeywell International, Inc., which manufactured the device in question, addresses that concern. Moreover, Stegmann waited over four years to file this suit and therefore cannot be heard to complain about the relatively minor delay resulting from the stay, particularly given that the Supreme Court of Illinois has already heard oral argument in *Cothron*. Stegmann does not contend that any stay should be limited to his Section 15(b) claim, and thus has forfeited any contention that his Section 15(a) claim should be allowed to proceed even if his Section 15(b) claim is stayed.

PetSmart's motion to dismiss presents the difficult question whether the Honeywell device collects a biometric identifier or biometric information within the meaning of BIPA. Doc. 18. Given the stay, the court denies that motion without prejudice to renewal when the stay is lifted.

July 5, 2022

_____
United States District Judge