IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN STEGMANN, individually and behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:22-cv-01179 |
| v. | Hon. Thomas M. Durkin |
| PETSMART LLC, | |
| Defendant. | |

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion, the supporting Memorandum, the Settlement and Release Agreement ("Settlement Agreement") between Plaintiff Steven Stegmann ("Plaintiff" or "Class Representative") and Defendant PetSmart LLC ("Defendant") (together, "the Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and the Court being fully advised in the premises, IT IS HEREBY ORDERED, as follows:

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2. The terms of the Settlement Agreement are preliminarily approved as fair, reasonable, and adequate. There is good cause to find that the Settlement Agreement was negotiated at arms-length between the Parties, who were represented by experienced counsel.

3. For settlement purposes only, the Court finds that the prerequisites to class action treatment—including numerosity, commonality and predominance, adequacy, and appropriateness of class treatment of these claims—have been preliminarily satisfied.

4. The Court hereby conditionally certifies and for the purposes of settlement only, the following Settlement Class consisting of:

> The persons identified on the Class List, which includes the current and former PetSmart LLC employees that PetSmart LLC's records identify as having used the Vocollect system at the Ottawa, Illinois distribution center during the period from January 20, 2017 to the date of preliminary approval of the settlement and who are not subject to an arbitration agreement with PetSmart LLC.

5. For settlement purposes only, Plaintiff Steven Stegmann is hereby appointed as the Class Representative.

6. For settlement purposes only, the following counsel are hereby appointed as Class Counsel:

> David Fish
> Mara Baltabols
> Fish Potter Bolaños, P.C.
> 200 East Fifth Avenue, Suite 115
> Naperville, Illinois 60563

7. The Court recognizes that, pursuant to the Settlement Agreement, Defendant retains all rights to object to the propriety of class certification in the Litigation in all other contexts and for all other purposes should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and litigation resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

8.  The Court approves, in form and content, the Notice, attached to the Settlement Agreement as Exhibit A and finds that it meets Due Process requirements under the U.S. and Illinois Constitutions.

9.  The Court finds that the planned notice set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances, where Settlement Class Members are current or former employees of Defendant and may be contacted using information in Defendant's records, and satisfies fully the requirements of Due Process, and any other applicable law, such that the Settlement Agreement and Final Approval Order and Judgment will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Notice, if agreed to in writing, in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

10. Analytics Consulting, LLC, or such other entity that the parties mutually agree upon, is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

11. The Settlement Administrator may proceed with the distribution of Notice as set forth in the Settlement Agreement.

12. Settlement Class Members who wish to receive benefits under the Settlement Agreement do not need to take any affirmative action to receive a cash payment as described in the Settlement.

13. Settlement Class Members are bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against the Defendant or the Releasees relating to the claims released under the terms of the Settlement Agreement.

14. Any person within the Settlement Class may request exclusion from the Settlement Class by expressly stating their request in a written exclusion request. Such exclusion requests must be received by the Settlement Administrator in written form, by first class mail, postage prepaid, and postmarked, no later than **August 6, 2023.**

15. To exercise the right to be excluded, a person within the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing their name, address, telephone number, the name and number of the case, a statement that they wish to be excluded from the Settlement Class, and the request must be personally signed by the person requesting exclusion. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

16. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order and Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

17. The Court preliminarily approves Prairie State Legal Services as the *cy pres* recipient, including the distribution of 50% of funds associated with uncashed checks to Prairie State Legal Services and the remaining 50% to the Defendant as set forth in the Settlement Agreement.

18. Class Counsel may move for an award of attorneys' fees plus their reasonable expenses, as well as a Service Award for the Class Representative, no later than **August 31, 2023.**

19. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses that Class Counsel intends to seek and the payment of the Service Award to the Class Representative, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 20 of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendant's Counsel, and the Settlement Administrator no later than **August 6, 2023.**

20. Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must state, in writing, all objections and the basis for any such objection(s), and must also state in writing: (i) their full name, address, and telephone number; (ii) the case name and number of this Litigation; (iii) the date range during which they were employed by Defendant; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (iv) the identification of any other objections they have filed, or have had filed on their behalf, in any other class action cases in the last four years; and (v) the objector's signature. Objections not filed and served in accordance with this Order will not be received or considered by the Court. Any Settlement Class Member

who fails to timely file and serve a written objection in accordance with this Order will have waived and be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of the Service Award, and to the Final Approval Order and Judgment and the right to appeal same.

21. A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement or Plaintiff's Counsel's motion for a Fee Award or the request for the Service Award to the Class Representative are required to indicate in their written objection their intention to appear at the Final Approval Hearing. For any Settlement Class Member who files a timely written objection and who indicates their intention to appear at the Final Approval Hearing, such Settlement Class Member must also include in their written objection the identity of any witnesses they may call to testify, and all exhibits they intend to introduce into evidence at the Final Approval Hearing, which shall be attached.

22. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make their objection to the Settlement in the manner provided herein, or who does not also timely provide copies to the designated counsel of record for the Parties at the addresses set forth herein, will have waived any such objection by appeal, collateral attack, or otherwise, and will be bound by the Settlement

Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

23. All papers in support of the final approval of the proposed settlement shall be filed no later than seven (7) before the Final Approval Hearing.

24. The Final Approval Hearing will be held before the Court on **September 7, 2023 at 9:30 a.m.** for the following purposes:

(a) to determine whether the applicable prerequisites for settlement class action treatment have been met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including an order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d) to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e) to consider the application for the Service Award to the Class Representative; and

(f) to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement.

25. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may approve the Settlement Agreement and enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

26. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

27. All discovery and other proceedings in the Litigation as between Plaintiff and Defendant are stayed until further order of the Court except such actions as are necessary to implement the Settlement Agreement and this Order.

28. The Administrator shall send a copy of the Notice translated into Spanish to the Settlement Class.

29. For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

| | |
|---|---|
| Class List Sent to Administrator: | July 6, 2023 |
| Notice to be completed by: | July 13, 2023 |
| Objection Deadline: | August 6, 2023 |
| Exclusion Request Deadline: | August 6, 2023 |
| Final Approval Motion: | August 31, 2023 |
| Final Approval Hearing: | September 7, 2023 at 9:30 a.m. |

IT IS SO ORDERED.

ENTERED:

_____

Honorable Judge Thomas M. Durkin

Dated: July 6, 2023