IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN STEGMANN, individually and behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>PETSMART LLC,<br><br>                Defendant. | Case No. 1:22-cv-01179<br><br>Hon. Thomas M. Durkin |

**FINAL APPROVAL ORDER AND JUDGMENT**

This matter coming to be heard on Plaintiff's Motion for Final Approval of Class Action Settlement, Dkt. 49 and 53 (the "Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises, IT IS HEREBY ORDERED, as follows:

      1.     Unless otherwise noted, all capitalized terms in this Final Approval Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement between Plaintiff Steven Stegmann ("Plaintiff" or "Class Representative") and Defendant PetSmart LLC ("Defendant") (together, the "Parties"). *See* Dkt. 49-1.

      2.     This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Settlement Class Members.

      3.     The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated July 6, 2023, Dkt. 46, and the Court finds that adequate notice was

given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of the Motion for Final Approval, including the Settlement Agreement and exhibits thereto and supporting declarations.

5. The Court held a Final Approval hearing on November 21, 2023, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The complex legal and factual posture of the Litigation, and the fact that the Settlement Agreement is the result of arms-length negotiations, further support this finding.

7. The Court finally certifies, for settlement purposes only, the following Settlement Class:

> The persons identified on the Class List, which includes the current and former PetSmart LLC employees that PetSmart LLC's records identify as having used the Vocollect system at the Ottawa, Illinois distribution center during the period from January 20, 2017 to the date of preliminary approval of the settlement and who are not subject to an arbitration agreement with PetSmart LLC.

8. No Settlement Class Members submitted objections, and no Class Members requested to exclude themselves from the Settlement.

9. For settlement purposes only, the Court confirms the appointment of Plaintiff Steven Stegmann as Class Representative of the Settlement Class.

10. For settlement purposes only, the Court confirms the appointment of the following counsel as Class Counsel, and finds they are experienced in class litigation and have adequately represented the Settlement Class:

> David Fish
> Mara Baltabols
> Fish Potter Bolaños P.C.
> 200 East Fifth Avenue, Suite 115
> Naperville, Illinois 60563
> (312) 861-1800

11. The Court approves Prairie State Legal Services as the *cy pres* recipient, including the distribution of 50% of funds associated with uncashed checks to Prairie State Legal Services and the remaining 50% to the Defendant as set forth in the Settlement Agreement.

12. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this controversy.

13. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the

requirements of applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

14. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

15. The Court dismisses the Litigation with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Settlement Class Members' claims against Defendant. Upon the Effective Date:

    a. The Released Parties shall be completely released, acquitted, and forever discharged from the Released Claims.

    b. The Releasors hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel the Released Claims against Released Parties.

    c. All Releasors will be forever barred and enjoined from prosecuting or joining in any action against the Released Parties asserting any Released Claims.

16. As used in this Final Approval Order and Judgment:

    a. "Released Claims" means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on BIPA or other federal, state, local,

statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the collection, capture, storage, use, profit from, possession, disclosure, and/or dissemination of biometric data, including all claims that were brought or could have been brought in the Action, belonging to any and all Releasors

    b.  "Released Parties" refers, jointly and severally, and individually and collectively to, Defendant and Defendant's current and former, direct and indirect, owners, parents, subsidiaries, affiliates, divisions and holding companies, including each such entity's predecessors, successors and assigns, and their respective principals, members, trustees, administrators, executors, officers, directors, members, managers, shareholders, employees, board members, partners, agents, representatives, limited partners, attorneys, accountants, financial and other advisors, contractors, investment bankers, insurers, reinsurers, underwriters, lenders, benefit plans, estates, trusts, beneficiaries, landlords, vendors, licensees, lessors, lessees, sub-lessees, tenants, franchisees, franchisors, and joint venturers.

    c.  "Releasors" refers, jointly and severally, and individually and collectively, to the Plaintiff, Settlement Class Members (with the exception of the Settlement Class Members, if any, that timely exercise their right to be excluded from the Settlement), and to each of their heirs, spouses, executors, administrators, beneficiaries, conservators, assigns and anyone claiming by, through, under, in concert with, or on behalf of them.

17. The Court further adjudges that, upon entry of this Final Approval Order and Judgment, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, heirs, executors, administrators, assigns, and anyone claiming by, through, or on behalf of them as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and this Final Approval Order and Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement and each of their predecessors, successors, heirs, executors, administrators, assigns, and anyone claiming by, through, or on behalf of them are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

19. The Court approves payment of attorneys' fees of 35% of the gross Settlement Fund ($197,030.06) and expenses in the amount of $2,422.01. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and

expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable given the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award in the amount sought.

20. The Court approves the Service Award in the amount of Five Thousand Dollars ($5,000) for the Class Representative, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. Neither this Final Approval Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the Releasees of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by Defendant or any of the Releasees. The final approval of the Settlement does not constitute

any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

22. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Approval Order and Judgment. Accordingly, the Clerk is directed to enter this Final Approval Order and Judgment.

23. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Approval Order and Judgment and do not limit the rights of the Settlement Class Members.

IT IS SO ORDERED.

ENTERED:

*Thomas M. Durkin*
Honorable Judge Thomas M. Durkin

November 21, 2023
Date